PATRICK CASSIDY, Respondent, *v.* AMOS D. LE FEVRE, Appellant.

The defendant purchased from the plaintiff an engine, boilers and other machinery.   The engine and boilers were agreed by the plaintiff to be of the best material and workmanship and in perfect running order.   No time was specified for their delivery, but they were to be approved by the defendants' engineer.   The boilers, after delivery, were found defective; one of them collapsed at the first trial, and was rendered useless.   The defects in the boilers were subsequently supplied by the plaintiff, with the consent of the defendant, and were then accepted by the defendant and approved by his engineer. — *Held*, that the original failure of the boilers was not, after their final acceptance, any defence in an action for the price.   Such acceptance, however, was no waiver of a right of action for the damages occasioned by the explosion and loss of use of machinery,

and those damages might have been recouped in an action for the price by proper averments in the answer.

Such damages, however, were not the difference between what might have been earned by the defendant by the use of the machinery in their factory during the time lost, with the engine and boilers in operation, and what might have been so earned without them, but were limited to the ordinary rent, or hire during that time, which could have been obtained for the use of the machinery whose operation was suspended for want of the steam engine.

Such damages only may be recovered as may be fairly supposed to have entered into the contemplation of the parties; such as might naturally be expected to flow from a violation of the contract: and such as are certain both in their nature and in respect to the cause from which they proceed.

(Argued May 18th; decided May 23d, 1871.)

APPEAL from the judgment of the General Term of the Supreme Court, in the first judicial district, affirming the judgment of the Special Term, rendered upon the report of a referee, in favor of the plaintiff.

Action upon two promissory notes given by the defendant to the plaintiff, and for goods sold and delivered. The action was tried by a referee. The claim for goods sold was small in amount, and was not contested. The notes were given in part payment for a steam engine and boilers, sold by the plaintiff to the defendants.

By the contract of sale, the plaintiff agreed to sell and deliver to the defendants, a steam engine of specified dimensions with the machinery, etc., and boilers.

No time was specified for the delivery of the property. The plaintiff agreed that the engine and boilers should be of the best materials, and should be subject to the approval of the defendants' engineer, and guaranteed that they should be in perfect running order.

The notes, in suit, were given before the engine and boilers had been tested by the defendants or approved by their engineer, in part payment of the agreed price. There was no complaint of the engine. The boilers were not of the material called for by the agreement, and by reason of the defective character of the material, some of the flues collapsed

upon the first attempt of the defendants to put them to use. This is sufficiently proved and substantially found by the referee. The plaintiff subsequently, at his own expense, put the boilers in good condition, and they were approved by the defendants' engineer, and retained by the defendants. They claim to recoup the damages sustained by reason of the defect in the boilers, as they were first delivered. They gave no evidence of the value of the use or hire of the machinery which stood still during the time the boilers were being repaired, but gave evidence to show how much more and how much better cloth they could have made during the time, if they had had the use of the boilers. The referee found that the plaintiff was not liable to the defendants for these latter damages; and judgment was given upon his report, for the plaintiff, for the amount of the notes and interest, less a small amount allowed to the defendant by way of set-off, which judgment was affirmed by the Supreme Court at General Term, and the defendants have appealed to this court. The other facts are stated in the opinion.

*Wm. Allen Butler,* for the appellant. On the question of the engineer's approval of boiler, etc., *Thomas* v. *Fleury* (26 N. Y., 26). On the question of waiver, *Barber* v. *Rose* (5 Hill, 76, and cases cited; *Munro* v. *Butt* (8 Ellis & Bl., 738); *Smeed* v. *Ford* (1 El. & El., 602). On the question of recoupment, cases cited, *supra; Messmore* v. *N. Y. S. and L. Co.* (40 N. Y., 422); *Griffin* v. *Colver* (16 N. Y., 490).

*Samuel Hand,* for the respondent. Facts will not be reviewed. (*Colwell* v. *Lawrence,* 38 N. Y., 71; *Metcalf* v. *Mattison,* 32 N. Y., 464; 31 N. Y., 547.) No special dam age could be shown. (*Griffin* v. *Colver,* 16 N. Y., 489; *Freeman* v. *Clute,* 3 Barb., 424.) On the rule of damages in the case, *Latin* v. *Davis* (Hill & Denio, 9); *Voorhies* v. *Earl* (2 Hill, 288); *Cary* v. *Greenman* (4 Hill, 625); *Brown's Water Furnace Co.* v. *French* (34 How., 94.) Any claim for damages must be upon the warranty. (*Blanchard* v.

*Ely*, 21 Wend., 342; *Hadley* v. *Baxendale*, 9 Eng. L. & Eq.; *Griffin* v. *Colver*, 16 N. Y., 489; *Thompson* v. *Shattuck*, 2 Met., 615; *Darwin* v. *Potter*, 5 Denio, 306; *Lutin* v. *Davis*, Hill & Denio, 9.) On the question of waiver, *Woodruff* v. *Peterson* (51 Barb., 252); *Leavenworth* v. *Pocker* (52 Barb., 132); *Bristol* v. *Tracy* (21 Barb., 236); *Illion Bk.* v. *Carner* (31 Barb., 236); *Smith* v. *Brady* (17 N. Y., 187); *Reed* v. *Randall* (29 N. Y., 358).

ALLEN, J. The defendants were manufacturers of woolen cloths in the State of Connecticut; employing in propelling their machinery and the other processes of their manufacture, both water and steam power, and the engines, boilers and other machinery, were purchased of the plaintiff to be used in their manufactory in addition to and in connection with other motive powers and other machinery. The contract and agreement of the plaintiff had no reference to the use of the engine and machinery sold for any special purpose, or for use in any particular place. By the plaintiff's contract he was to furnish boilers " of the best materials," and the engine and machinery, with the boilers, were to be " in perfect running order." The referee should, upon the evidence, have found affirmatively and directly that the boilers, upon their delivery, did not conform to the contract, and were not of the best materials; but were of inferior materials, and substantially defective. He has found facts from which this can be spelled out: That they were " of the best material in common use for such purposes;" that a part of the flues " was made of iron not entirely new, but which had been in use elsewhere for about six months;" but that such fact made very little, if any, difference in the quality or value of the article, and none at all in its strength. These facts thus cautiously found, in connection with the fact also found, that upon the first attempt to use the engine one of the boiler flues collapsed by the pressure of the steam, the fact being that the pressure was very slight, justify the conclusion that the boilers were defective, and of inferior and

unsuitable materials, and that the defendants were under no obligation to accept and pay for the property under the contract. Had they rejected the engine, boilers and machinery upon the evidence and the facts found, no recovery could have been had by the plaintiff for the purchase-price. But with the assent of the defendants, the plaintiff, immediately after notice of the failure of the boilers, put them in proper condition, replacing the flues by others made of proper materials, and the same were accepted and put in use by the defendants. The defendants cannot, therefore, object to the payment of the agreed price. ( *Vanderbilt* v. *Eagle Iron Works*, 25 W. R., 665.) But by such acceptance of the reconstructed boilers the defendants did not waive their right to damages sustained by reason of the original defects, and in this action they may recoupe all damages necessarily and legitimately resulting from the inferior character of the materials or defective construction of the boilers. (*Barber* v. *Rose*, 5 Hill, 76.) Had they claimed the cost and expense of taking down the boilers after the injury and resetting them after they were repaired, they would have been entitled to it. That was a direct loss, legitimately and necessarily resulting from the defects in the boilers and the violation of the plaintiff's contract. The defendants proved the cost of taking down and putting up the arch and brick work on which the boilers were placed, but made no request to the referee to deduct the amount from the plaintiff's claim, and there is no exception to the omission of the referee to make allowance for this expenditure. The mill and machinery of the defendants did not entirely cease, but their operations were continued during the time the engine purchased of the plaintiff was disabled and incapable of use for the want of the boilers, and the referee has found that "by reason of the loss of the aid and service of said engine and boilers, occasioned by the collapse of said flue, the work of said mill was retarded, the amount of cloth manufactured for the time was less, and that which was manufactured of less value than otherwise it would have been, and the claim for damages

urged upon the trial was based upon the facts thus found, together with proof of the quantity of cloth actually manufactured, its diminished value per yard for the want of the power this engine would have furnished, and the capacity of the mill with the engine and machinery thus disabled and ruined for the time. The exception is to the finding of the referee, that the plaintiff is not liable for damages arising from the loss of the use of the engine and boilers, and other machines for the time, and because he did not find the reverse of this proposition, and give the defendants the damages claimed. The claim of the defendants was to recover the increased earnings of their manufactory, that which they might have earned with the aid of this machinery over and above that which they actually earned without it. This, within well settled principles, was not the measure of damages; they are quite too contingent and partake of the character of unearned profits. They depend upon circumstances entirely independent of the contract, and the particular thing, the object of the contract, upon contingencies connected with and affecting the general business of the parties rather than the use and the value of the use of the engine and machinery for the time.

In *Blanchard* v. *Ely* (21 W. R., 342), the defendants were not allowed to recover for the loss of trips of a steamboat, built by contract, and resulting profits, occasioned by defects in the boat or its machinery; and the principle upon which damages are allowed, and the rules by which they are measured, are well considered in an elaborate opinion by COWEN, J. *Griffin* v. *Colver* (16 N. Y., 489) affirms the same principle, although the learned judge pronouncing the judgment comments on the reasoning of Judge COWEN. That was an action for the contract price of a steam engine agreed to be delivered at a specified time, and the contract was not performed as to time. The claim of the defendant was to recover as damages for the delay, what the proof showed they might have earned by the use of such engine, together with their other machinery during the time lost. This court

held, affirming the judgment of the Supreme Court, that the defendants were entitled to the ordinary cost or sum which could have been obtained for the use of the machinery, whose operation was suspended for want of the steam engine, and not what might have been earned by its use. The rule is declared to be, that the damages must be such as may be fairly supposed to have entered into the contemplation of the parties; such as might naturally be expected to flow from violation of the contract; such as are certain both in their nature and in respect to the cause from which they proceed. In the case last cited, *Freeman* v. *Clute* (3 Barb., 424), was approved, holding that upon a contract to furnish a steam engine and boiler by a day named, the purchaser, upon a failure to deliver at the day, was entitled to damages for the "loss of the use of his mill and other machinery;" but that they were not to be estimated by ascertaining the amount of business which could have been done by the use of the engine and the profits that would have accrued. The same rule of damages is applied in analogous cases. The value of the rent or use of the premises of which a tenant was deprived in consequence of the omission of the landlord to repair, was regarded as the proper measure of damages for a breach of the covenant to repair, and not what the tenant could have earned from them, in *Myers* v. *Burns* (35 N. Y., 269). *Messmore* v *New York Shot and Lead Co.* (40 N. Y., 422), was a contract for the sale of certain articles to enable the purchaser to fulfill a contract which he had made for the delivery of the same articles, and the one contract was made in express reference to the other, and was in the contemplation of the parties at the time. There the defendant was held to respond to the plaintiff for all that he had lost by reason of his inability to perform the contract he had made, caused by the breach of the defendant's contract; that is, he was allowed to recover the difference between the price he was to have paid the defendant, and that he would have received. That case was governed by principles not applicable to this.

There was no evidence given or data' furnished by which the referee could have determined the difference in rental value, the value of the use of the defendant's mill and machinery, with or without the steam engine and boilers, purchased of the plaintiff, for the time during which they were deprived of their use in consequence of the defective construction of the boilers. Had there been such evidence, the ruling of the referee that the plaintiff was not liable to defendants for damages for the loss of the use of the engine, boilers and other machinery, would have been erroneous. But the ruling and decision was based upon the evidence, and the claim as made, and was in conformity to the decision of the courts of this State, and well settled rules as to the measure of damages in like cases.

The judgment should be affirmed.

All the judges concurring, judgment affirmed.