**BMY–COMBAT SYSTEMS DIVISION OF HARSCO CORPORATION, Plaintiff,**

v.

**The UNITED STATES, Defendant.**

**No. 90–252C.**

United States Claims Court.

July 30, 1992.

See also 26 Cl.Ct. 437.

Wilsie H. Adams, Jr., Washington, D.C., for plaintiff.

Carolyn G. Mark, Washington, D.C., with whom was Asst. Atty. Gen. Stuart M. Gerson, for defendant.

## ORDER

**MOODY R. TIDWELL, III, Judge:**

This case is before the court on plaintiff's motion to dismiss defendant's counterclaims or, alternatively, for a more definite statement. For the reasons set forth below, the court denies plaintiff's motion to dismiss and grants plaintiff's motion for a more definite statement.

## FACTS

Plaintiff, BMY, is an unincorporated division of Harsco Corporation that designs, manufactures, and sells self-propelled combat weapons systems. On March 24, 1982, plaintiff contracted with defendant to manufacture self-propelled howitzers for the United States Army. Plaintiff built and delivered 305 howitzers which the Army inspected and accepted between March 27, 1986 and March 30, 1988; however, defects in the trunnion mounting brackets were later discovered and plaintiff was required to either repair or replace them pursuant its contract with the Army.[1] As a result of the additional work, plaintiff submitted a claim to the contracting officer on August 1, 1989, for an equitable adjustment to the contract. The contracting officer denied plaintiff's claim and plaintiff filed suit in this court on March 23, 1990.

Defendant responded on March 13, 1992, by filing an answer and four counterclaims. Counterclaims I and II, made under the False Claims Act (FCA), 31 U.S.C. § 3729(a)(1)–(2) (1988), alleged that plaintiff used false records and statements to obtain payment, and that plaintiff submitted fraudulent claims. Counterclaim III alleged breach of contract; Counterclaim IV is a Special Plea in Fraud. 28 U.S.C. § 2514 (1988). On April 10, 1992, plaintiff moved to dismiss defendant's counterclaims for lack of subject-matter jurisdiction, for failure to state a claim upon which relief can be granted, and for lack of particularity.

1. The government defines a trunnion as "one of two cylindrical projections from a cannon, one

## DISCUSSION

**I. Lack of Subject–Matter Jurisdiction.**

■ In considering whether to dismiss counterclaims for lack of subject-matter jurisdiction pursuant to RUSCC 12(b)(1), the court must accept as true any undisputed allegations of fact made by the non-moving party. *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 747 (Fed. Cir.1988); *see Scheuer v. United States*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974). The non-moving party has the burden of establishing jurisdiction. *Metzger, Shadyac & Schwartz v. United States*, 10 Cl.Ct. 107, 109 (1986). Here, plaintiff argued that the counterclaims should be dismissed because: (1) pursuant to the Seventh Amendment, plaintiff was entitled to a jury trial on the Special Plea in Fraud; (2) the court lacked jurisdiction over the FCA counterclaims, and (3) the breach-of-contract counterclaim required a final decision from a contracting officer before the court could exercise jurisdiction. The court finds all of plaintiff's arguments unpersuasive.

■ Plaintiff argued that its right to a jury trial prevented the court from exercising jurisdiction over the Special Plea in Fraud. However, the law is clear that the United States may condition its waiver of sovereign immunity upon whatever terms it deems appropriate. *Ex parte Bakelite Corp.*, 279 U.S. 438, 452–53, 49 S.Ct. 411, 414, 73 L.Ed. 789 (1929); *Murray's Lessee v. Hoboken Land Improvement Co.*, 59 U.S. (18 How.) 272, 283, 15 L.Ed. 372 (1855); *Ingalls Shipbuilding, Inc. v. United States*, 13 Cl.Ct. 757, 765 (1987), *rev'd on other grounds*, 857 F.2d 1448 (Fed.Cir. 1988). In this court, the government has consented to be sued on the condition that it be allowed to assert any counterclaims or set-offs it may have, provided they do not fall within the exclusive province of Article III courts. *See Ingalls*, 13 Cl.Ct. at 764–65. Here, defendant's counterclaims under the FCA, and its Special Plea in Fraud, are not actions within the exclusive jurisdiction of an Article III court, and plaintiff does

on each side, for supporting the cannon on its carriage."

not have a Seventh Amendment right to trial by jury. *See Capital Eng'g & Mfg. Co. v. United States,* 19 Cl.Ct. 774, 778 (1990); *Ingalls,* 13 Cl.Ct. at 766–77. The court has jurisdiction over defendant's counterclaims in fraud.

■ Plaintiff also argued that the court lacked jurisdiction over government counterclaims made under the FCA. As sole authority for its argument, plaintiff cited the original FCA, enacted in 1863. False Claims Act, ch. 67, § 4, 12 Stat. 696 (1863) (current version at 31 U.S.C. § 3729(a)(1)–(2) (1988)). However, current law is abundantly clear that the United States Claims Court has jurisdiction over counterclaims made by the government under the FCA. *Martin J. Simko Constr., Inc. v. United States,* 852 F.2d 540, 547 (Fed.Cir.1988); *Brown v. United States,* 207 Ct.Cl. 768, 524 F.2d 693, 703 (1975); *Capital Eng'g,* 19 Cl.Ct. at 778. Accordingly, the court will hear and decide defendant's FCA counterclaims in this case.

■ Plaintiff also argued that the Contracts Disputes Act (CDA), 41 U.S.C. §§ 601–613 (1988), required the contracting officer to issue a final decision before the court could exercise jurisdiction over defendant's breach-of-contract counterclaim. Although plaintiff is correct that, pursuant to the CDA, "all claims by the Government against a contractor ... shall be the subject of a decision by the contracting officer," 41 U.S.C. § 605(a); the CDA also states that the preceding language "shall not authorize any agency head to settle, compromise, pay, or otherwise adjust any claim involving fraud." 41 U.S.C. § 605(a) (1988). Simply stated, counterclaims "involving fraud" do not need a final decision from a contracting officer before this court can exercise jurisdiction over them. Here,

defendant characterized its third counterclaim as one of breach of contract. The court recognizes that a breach of contract may occur in the absence of fraud; however, the context of the government's assertions in this case clearly indicates that the alleged breach of contract "involves" fraud. Consequently, the court has jurisdiction over Counterclaim III. *United States v. J.T. Constr. Co.,* 668 F.Supp. 592, 594 (W.D.Tex.1987); *see United States v. Rockwell Int'l Corp.,* 795 F.Supp. 1131, 1138-39 (N.D.Ga.1992).

## II. Failure to State a Claim Upon Which Relief Can be Granted.

■ Under a second theory for dismissal, plaintiff contended that defendant failed to state a claim upon which relief can be granted since the Army had previously "accepted" the howitzers. Plaintiff's disingenuous argument is, however, frivolous and unpersuasive. The contract stated that "[a]cceptance shall be conclusive, except for latent defects, fraud, gross mistakes amounting to fraud, or as otherwise provided in the contract." Defendant initially accepted the howitzers, but latent defects emerged which nullified the acceptance. None of the cases cited by plaintiff in its argument were on point. *See Makoor Prods. Mfg. Co.,* 81–1 B.C.A. (CCH) ¶ 15,-135, 1981 WL 7311 (1981); *Zebra Corp.,* 80–2 B.C.A. (CCH) ¶ 14,484, 1980 WL 3118 (1980); *Genuine Motor Parts of Pa., Inc.,* 76–1 B.C.A. (CCH) ¶ 11,860, 1976 WL 1989 (1976); *Building Contractors, Inc.,* 71–1 B.C.A. (CCH) ¶ 8884, 1971 WL 1656 (1971). Though all cases cited by plaintiff dealt with insufficient inspections by the government, none involved allegations of fraud, gross mistakes amounting to fraud, or latent defects.[2] The court finds that defendant's acceptance of the howitzers was not final,

---

**2.** Counsel for plaintiff is a member in a law firm that specializes, among other areas, in the field of public contract law, and a member of the Public Contract Law Section of the American Bar Association. He has appeared before this court as attorney of record in at least six other reported cases. The court considers counsel for plaintiff well-versed in the rules and laws governing this court and public contracts. For counsel to have pleaded that plaintiff is entitled to a jury trial; that the acceptance of goods by

defendant is "final" in the face of a claim of latent defects; and to cite as precedent for his argument cases that have no bearing on the issues addressed is frivolous and a waste of valuable judicial resources. Counsel for plaintiff is forewarned that the court will not tolerate the filing of frivolous claims or defenses, and will hold counsel and plaintiff strictly accountable for any future violations of RUSCC 11, "Signing of Pleadings, Motions, and Other Papers; Sanctions."

and that defendant has stated a claim upon which relief can be granted.

 Plaintiff also sought to partially dismiss the Special Plea in Fraud and the FCA counterclaims because they did not enumerate the actual damages defendant incurred. The court, however, sees no reason why defendant should be required to prove the exact amount of its damages without the benefit of discovery and trial. As long as the type of damage suffered is alleged in the counterclaim, the precise quantum is a question of fact to be determined later in the proceedings. *See Prudence Co. v. Fidelity & Deposit Co.*, 297 U.S. 198, 207–08, 56 S.Ct. 387, 389, 80 L.Ed. 581 (1936). In a related argument, plaintiff sought dismissal of the Special Plea in Fraud and the FCA counterclaims because defendant "failed to establish an element of causation necessary to justify treble damages." As above, an allegation of causation is sufficient at the current time since the merits of the allegation will be established at trial. Defendant need not demonstrate causation in its counterclaim. *See United States v. Miller*, 645 F.2d 473, 476 (5th Cir. Unit A May 1981).[3]

### III. Lack of Particularity.

Plaintiff's last theory for dismissal of defendant's counterclaims was that the FCA counterclaims and the Special Plea in Fraud should be dismissed for failure to comply with the particularity requirements of RUSCC 9(b). In the alternative, plaintiff requested that the court consider this a motion for a more definite statement pursuant to RUSCC 12(e).[4]

 RUSCC 9(b) states that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." In the Claims Court, a party alleging fraud must "state in [its] bill distinctly the particular act of fraud, misrepresentation or concealment—must specify how, when, and in what manner, it was perpetrated." *Ingalls*, 13 Cl.Ct. at 768 (quoting *Stearns v. Page*, 48 U.S. (7 How.) 819, 829, 12 L.Ed.2d 928 (1849)). The counterclaims here allege that plaintiff used false records and statements to present fraudulent claims for payment on the howitzers, but they do not identify the specific actors, records, or statements contributing to the fraud. Though defendant has identified in general terms the "how, when, and ... manner" of the fraud, it must reasonably plead the particularities of the charge to comply with the requirements of RUSCC 9(b). Defendant need not state every detail constituting its claim so long as sufficient information is provided to permit plaintiff to adequately defend itself from the charges. Accordingly, the court treats plaintiff's motion as a motion for a more definite statement, and grants the motion. Defendant shall provide plaintiff with a more detailed explanation of the charges in the counterclaims.

### CONCLUSION

The court finds no reason to dismiss defendant's counterclaims, but does find that defendant must provide the court with a more definite statement of its counterclaims. Accordingly, plaintiff's motion to dismiss is denied, and its motion for a more definite statement is granted. Defendant's more definite statement shall be filed no later than 30 days from the date of filing of this order.

IT IS SO ORDERED.

---

3. Originally, plaintiff also argued that part of defendant's breach-of-contract counterclaim was barred by the six-year filing requirement of 28 U.S.C. § 2415(a) (1988). This argument was based on an error in calculating the statute of limitations, and plaintiff withdrew the argument in its reply brief.

4. RUSCC 12(e) states in relevant part:

If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing the party's responsive pleadings. The motion shall point out the defects complained of and the details desired.