In re NATIONAL STUDENT
MARKETING LITIGATION.

M.D.L. Docket No. 105.

United States District Court,
District of Columbia.

April 26, 1976.

## MEMORANDUM ORDER

PARKER, District Judge.

Before the Court for determination is the motion of defendants Louis W. Biegler and the Biegler Foundation ("Defendants") to enforce Rules 9(b) and 23.1 of the Federal Rules of Civil Procedure. Having considered the motion, the memoranda of points and authorities in support thereof and in opposition thereto, and the relevant affidavits, the Court finds that the Complaints in Civil Actions 2405-72 and 2406-72 (Garber Complaint) and 2407-72 (Natale Complaint), fully comply with Rules 9(b) and 23.1, F.R.Civ.P., and, therefore, concludes that the relief requested by the Biegler defendants should be denied for the reasons stated below.

### Factual Background

The class action complaints[1] in this multidistrict litigation allege widespread fraudulent activities in connection with the sale of stock of the National Student Marketing Corporation ("NSMC"). The Biegler defendants were added as parties when amended complaints were filed in March of 1975, with leave of Court.

Those defendants were stockholders in the Interstate National Corporation ("Interstate"), which merged with NSMC on October 31, 1969, and Interstate shares were exchanged for NSMC shares. The amended complaints allege that the Biegler defendants, along with other Interstate defendants, became aware of the fact that NSMC had overstated its profits in the financial statements distributed in connection with the merger, but nonetheless sold their NSMC stock with knowledge that the price had been artificially inflated by these false statements, thus committing fraud in violation of the federal securities laws.[2]

### Rule 9(b)

The 9(b) motion asserts that the amended complaints fall short of the requirement of the Rule, which states, in pertinent part:

In all averments of fraud . . ., the circumstances constituting fraud . . . shall be stated with particularity.

The defendants complain that the precise time of their sales of stock; the circumstances surrounding their knowledge of the material falsity of NSMC's financial statements; and facts supporting the allegation that they were part of an Interstate control group, are not specified with the particularity required by Rule 9(b).

The particularity referred to in that Rule generally encompasses the time, place and contents of the false representations, the identity of the person or persons making the misrepresentations and what was obtained thereby.[3] In securities cases, the Rule has been interpreted to mean that conclusory allegations of fraud based on the provisions of the statutes are not sufficient.[4] On the other hand, it is universally recognized that Rule 9(b) must be reconciled with Rule 8 which requires a

---

1. The language of the two complaints is essentially the same with regard to the Additional Defendants, but the named plaintiffs are different. The Garber complaint, however, contains a shareholders' derivative claim in Count II.

2. § 17(a) of the Securities Act of 1933, 15 U.S.C. § 77q(a); § 10(b) of the Securities Ex-

change Act of 1934, 15 U.S.C. § 78j(b) and Rule 10b-5 thereunder, 17 C.F.R. 240.10b-5.

3. 5 Wright & Miller, *Federal Practice and Procedure*, § 1297 (1969 ed.); and 2A *Moore's Federal Practice*, ¶ 9.03 (1975).

4. *See: Segal v. Gordon*, 467 F.2d 602 (2d Cir. 1972); *Shemtob v. Shearson, Hamill & Co.*, 448

short and concise statement of claims.[5] Indeed, some courts have denied 9(b) motions if the complaint provides sufficient detail of the transactions constituting the alleged fraud to allow the defendant to formulate a response.[6]

The amended complaints in this proceeding clearly provide adequate facts to enable the defendants to respond, as is evidenced by the extensive discussion of the facts in both the defendants' memoranda and the Biegler affidavit.

■ The defendants, however, challenge the lack of details as to the sales of each individual defendant. The amended complaints state that sales were made by all of the additional defendants "on or after October 31, 1969."[7] The lack of detail as to individual defendants, however, is not fatal in the overall context of these complaints which set forth in great detail the specific documents in which misstatements were made, by whom they were made and the circumstances surrounding disclosure of the misrepresentations at the closing of the Interstate/NSMC merger. If the Court accepted the argument of the Biegler defendants the complaints could easily become too voluminous and unwieldy by spelling out the specifics of each sale by the numerous defendants.[8]

■ The defendants also object that several allegations regarding their actual knowledge of the falsity of the financial statements were not stated with sufficient particularity. Each complaint recites in exactly the same language that:

Said sales by the Additional Defendants [including the Biegler defendants] were made with knowledge that the May 31, 1969 financial statements of National and the proxy statements issued in connection with the merger were materially incorrect, false and misleading. [¶ 37 of Natale complaint, ¶ 47 of Garber complaint].

Although the circumstances under which the defendants obtained this knowledge are not set forth, Rule 9(b) itself requires only general averments concerning the defendant's knowledge or intent:

Malice, intent, knowledge, and other condition of mind of a person may be averred generally. Rule 9(b), F.R.Civ.P.[9]

■ Finally, the defendants assert that allegations concerning their membership in a "control group" of Interstate were not particularized. (¶ 45 of Garber complaint; ¶ 35 of Natale Complaint). These allegations, however, are not covered by Rule 9(b)'s particularity requirement because they concern vicarious *liability* for fraudulent activities, but are not "averments of fraud" as such. Defendants have sufficient notice of the claim against them, and the particularity they desire regarding the control issue will have to await further discovery.

*Rule 23.1*

■ As to the derivative count of the Garber complaint, the defendants claim that the requirement of Rule 23.1, F.R. Civ.P., that the complaint must be verified,[10] has been violated by virtue of the fact that many of the allegations are based on "information and belief." The Second

---

F.2d 442 (2d Cir. 1971); and *Spiegler v. Wills*, 60 F.R.D. 681 (S.D.N.Y.1973).

5. See: *Felton v. Walston & Co., Inc.*, 508 F.2d 577 (2d Cir. 1974); Wright & Miller, *supra* n. 3 at § 1298.

6. See: *B & B Investment Club v. Kleinert's, Inc.*, 391 F.Supp. 720 (E.D.Pa.1975); *Cash v. Frederick & Co., Inc.*, 57 F.R.D. 71 (E.D.Wis. 1972).

7. ¶ 36 of Natale complaint; ¶ 46 of Garber complaint.

8. See: *duPont v. Wyly*, 61 F.R.D. 615 (D.Del. 1973); *Burkhart v. Allson Realty Trust*, 363 F.Supp. 1286 (N.D.Ill.1973).

9. *See also:* Moore's Federal Practice, *supra* n. 3 at 1936–37 ("The requirement that the circumstances constituting fraud be stated with particularity does not require particularization of allegations of fraudulent *intent*.")

10. The Rule states in pertinent part:
In a derivative action brought by one or more shareholders . . . to enforce a right of a corporation . . ., the Complaint shall be verified . . . .

Circuit has held, however, that allegations of fraud may be based on "information and belief" if accompanied by a statement of the facts upon which the belief is founded.[11] In this case, Count I does state in detail the facts upon which the belief is founded. Furthermore, in derivative suits the complaining stockholders will usually not be privy to information regarding the corporation's internal affairs. These matters are peculiarly within the opposing party's knowledge.[12]

### Conclusion

The amended complaints filed in these class actions sufficiently apprise the defendants of the allegations to enable them to form a response, and in addition contain sufficient particulars to protect defendants from an unfounded "strike suit." It is noted that of the twelve additional defendants served with the amended complaints, the two Biegler defendants are the only ones who have moved for more particulars under Rule 9(b).[13] Examination and review of the papers filed by the Biegler defendants, leads this Court to conclude that the plaintiffs' pleadings are sufficient. The Biegler defendants are well aware of the facts of this case, their objections are groundless and they should be compelled to answer forthwith and present their defenses, rather than litigating objections to the pleadings.

Accordingly, it is this 26th day of April, 1976

ORDERED that the motion of defendant Louis W. Biegler and the Biegler Foundation to compel compliance with Rules 9(b) and 23.1 be, and it hereby is, denied.

---

**11.** *Schlick v. Penn-Dixie Cement Corp.*, 507 F.2d 374 (2d Cir. 1974), *cert. denied*, 421 U.S. 976, 95 S.Ct. 1976, 44 L.Ed.2d 467 (1975).

**12.** Wright & Miller, *supra* n. 3, § 1298 at 416.

**13.** Defendants Washburn and Kemp filed a memorandum supporting the Biegler motion, but they had already filed answers to the complaints.