Harvey **PRIDGEN**, et al., Plaintiffs,

v.

Elma Speight **FARMER**, et al., Defendants.

No. 83–35–CIV–8.

United States District Court,
E.D. North Carolina,
Wilson Division.

July 25, 1983.

Robert A. Singer, John H. Small, Brooks, Pierce, McLendon, Humphrey & Leonard, Greensboro, N.C., Charles L. McLawhorn, Jr., McLawhorn & Warren, Greenville, N.C., for plaintiffs.

D. Royce Powell, Firm of M. Alexander Biggs, Rocky Mount, N.C., for Defendants Eugene Stone and Stone Investment.

## ORDER

DUPREE, Chief Judge.

Plaintiffs filed this action alleging instances of securities and investment fraud in violation of state, federal and common law. Specifically, plaintiffs bring this action for violations of the Securities Act of 1933 §§ 12(1) and 15, 15 U.S.C. §§ 77*l*, 77*o*, the Securities Exchange Act of 1934 §§ 10(b) and 20(a), 15 U.S.C. §§ 78j(b), 78t(a), and Rule 10b–5 promulgated thereunder (17 C.F.R. § 240.10b–5 (1982)). Plaintiffs invoke the court's pendent jurisdiction to hear the remaining state and common law claims. The action is presently before the court on defendants' motion to dismiss or, alternatively, motion for a more definite statement. All parties have thoroughly briefed these issues and upon due consideration, the court denies both the motion to dismiss and the motion for a more definite statement.

The action is brought by a group of five married couples who allegedly invested monies in some or all of three Shreveport, Louisiana oil drilling ventures developed and promoted by defendants Elma Speight Farmer, Speight Oil Company, Eugene S. Stone and Stone Investment Company. Generally, plaintiffs contend that defendants acted as joint sponsors and promoters of these ventures and the sale thereof. More specifically, plaintiffs allege that in 1982, relying on defendants' asserted expertise in the field and the probable rate of return on their investments within a specified period of time, they invested in some or all of the ventures. Since investing in the ventures, plaintiffs have discovered that after investments in Ventures Nos. 1 and 2 were received by defendants, certain inves-

tors initiated an investigation by the North Carolina Secretary of State into these same ventures. Consequently, a cease and desist order was issued on July 26, 1982 by the State of North Carolina to all defendants. This order required all defendants to stop selling any securities within North Carolina until they complied with the requirements of the North Carolina Securities Act (N.C. G.S. §§ 78A–1, *et seq.* (1981)). Subsequently, without complying with the terms of the order, defendants allegedly solicited and received investments in the third oil drilling venture.

Defendants contend that the complaint either should be dismissed pursuant to Rules 9(b) and 12(b)(6) for failure to allege fraud with particularity or for failure to differentiate among the defendants.[1] In the alternative, defendants move for a more definite statement pursuant to Rule 12(e). The defendants' motion to dismiss will be addressed first.

■ The particularity requirement embodied in Rule 9(b) promotes two important objectives: first, it provides a defendant with fair notice of the nature of a plaintiff's claim and the grounds upon which it is based; and second, it helps insure that a complaint is based upon a reasonable belief that a wrong has been committed. *Gilbert v. Bagley,* 492 F.Supp. 714, 715 (M.D.N.C. 1980). Rule 9(b), however, must be read in conjunction with the notice pleading mandate of Rule 8. *Gilbert* at 725.

> [I]t is inappropriate to focus exclusively on the fact that Rule 9(b) requires particularity in pleading fraud. This is too narrow an approach and fails to take account of the general simplicity and flexibility contemplated by the rules.

5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1298 (1969).

■ Defendants contend that the complaint fails to delineate adequately the acts of each defendant which allegedly constitute fraud. Therefore, defendants allege that they have not been provided with fair notice of the nature of the claims against them, and they are unable to answer the complaint. In an action for fraud a defendant needs particularized information about a plaintiff's claim in order to enable him to understand and effectively answer it; however, "[a] balance must be struck, protecting defendants from damaging but lightly made charges of fraud while protecting plaintiffs from pleading complex 'evidence.'" *Clark v. Cameron-Brown Company,* 72 F.R.D. 48, 62 (M.D.N.C.1976). In *Hudson v. Capital Management International, Inc.,* Fed.S.L.Rep. (CCH) ¶ 99,222 (N.D.Cal.1982), plaintiffs portrayed a comprehensive scheme to defraud investors in professed tax shelters. The court found that:

> [i]t is not necessary in an action based on fraud for plaintiffs to show that each defendant acted in connection with the sale of securities. All that is required is that each defendant be involved with a course of business that, as a whole, was used to defraud investors in connection with the sale of securities.

*Hudson* at 95,902. Plaintiffs' pleadings have met this requirement. Furthermore, the existence of the cease and desist order insures that plaintiffs' complaint is based upon a reasonable belief that a wrong has been committed by all defendants.

■ The Supreme Court has held that a defendant who brings a motion to dismiss bears a difficult burden:

> [A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957).

Additionally, in considering a motion to dismiss "the material allegations of the com-

---

1. Defendants also assert several insignificant grounds for dismissal. These claims are without merit and therefore are denied also.

plaint are taken as admitted ... [a]nd, the complaint is to be liberally construed in favor of plaintiff." *Jenkins v. McKeithen,* 395 U.S. 411, 421–422, 89 S.Ct. 1843, 1849, 23 L.Ed.2d 404 (1969). As already indicated, plaintiffs' complaint is based upon a reasonable belief that a wrong has been committed. Plaintiffs' complaint also sufficiently informs defendants of the nature and object of the fraud claimed. Since plaintiffs allege that the defendants acted together in all aspects of the securities investment ventures, they correctly point out that they cannot make judgments about the extent of each defendant's participation until discovery is permitted. Some relaxation of Rule 9(b) is necessary when plaintiffs are not likely to have access to more specific information until after discovery. *Denny v. Carey,* 72 F.R.D. 574 (E.D.Pa.1976). Therefore, defendants' motion to dismiss is denied.

Defendants' motion for a more definite statement is also denied. As previously indicated, plaintiffs' complaint is sufficiently particular as to each defendant, and the parties are to proceed with discovery. The complaint is not "so vague or ambiguous that the ... [defendants] cannot respond, even with a simple denial, in good faith or without prejudice to [themselves]," and therefore a favorable response to defendants' motion is unwarranted. 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1376 (1969).

Accordingly, defendants' motions to dismiss and for a more definite statement are denied.