### SWEENEY COMPANY OF MARYLAND

v.

### ENGINEERS–CONSTRUCTORS, INC., et al.

### Civ. A. No. 85–0852–R.

United States District Court, E.D. Virginia, Richmond Division.

Jan. 29, 1986.

---

Murray Wright, Edward E. Nicholas, III, McGuire, Woods & Battle, Richmond, Va., and Howard G. Goldberg, Smith, Somerville & Case, Baltimore, Md., for plaintiff.

Samuel W. Hixon, III and Stephen E. Baril, Richmond, Va., for defendants.

## OPINION AND ORDER

WARRINER, District Judge.

Presently under consideration by the Court is defendant's motion to dismiss plaintiff's amended Count III of its amended complaint on the ground that the pleading fails to allege fraud with particularity as required by Rule 9(b) of the Federal Rules of Civil Procedure.

Defendant's motion was filed on 9 January 1986 and plaintiff has not responded within ten (10) days, nor requested additional time to respond, as required by Rule 11(F) of the Local Rules of Practice. Therefore I have made my decision on the basis of the record.

On 8 November 1985 plaintiff Sweeney Company of Maryland filed a complaint against defendants Engineers-Constructors, Inc., *et al.* The complaint consisted of three counts, the third of which alleged that defendant fraudulently induced plaintiff, a subcontractor, to continue to provide labor and material when defendant actually intended to terminate the subcontract without cause and without making payment for amounts already due, at a time when plaintiff's work was essentially complete.

Defendant then filed its initial motion, on 5 December 1985, to dismiss the third count for failure to allege fraud with particularity, and plaintiff responded by filing an amended pleading on 3 January 1986.

Plaintiff's amended complaint set forth essentially the same allegations. Again, the complaint alleged that during the "spring or summer of 1985," defendants through their "agents and employees" represented that plaintiff would be paid for all of its work under the subcontract. The amended pleading described for the first time defendants as having previously "secretly determined" to wrongfully terminate the subcontract, whereas the original complaint referred to a prior "scheme or device" to effect such wrongful termination.

After extensively researching the question of how much particularity is required in a complaint alleging fraud, I have concluded that plaintiff's amended count fails

to meet the standard required by statute. For the following reasons I grant defendant's motion for dismissal of amended Count III.

■ Rule 9(b) provides that in averments of fraud, "the circumstances constituting fraud or mistake shall be stated with particularity." The purposes advanced by this requirement are to insure that allegations are specific enough to inform defendant and enable him to prepare an effective response and defense, to eliminate complaints filed in order to find unknown wrongs through discovery, and to protect defendants from unfounded charges that involve moral turpitude. *See In Re. Comm. Oil/Tesoro Petroleum Corp. Sec. Lit.*, 467 F.Supp. 227, 250 (W.D.Tex.1979) and *Gross v. Diversified Mortgage Investors*, 431 F.Supp. 1080, 1087 (S.D.N.Y.1977), 27 A.L.R.Fed. 407 §§ 3–5. The purposes of the rule are accomplished when a plaintiff alleges the "time, place, and content of the false misrepresentation, the fact misrepresented and what was gained or given up as a consequence of the fraud." 2A J. Moore, *Moore's Federal Practice*, ¶ 9.03 at 9–23–9–24 (1985).

■ Clearly, however, the requirements of Rule 9(b) must be read in conjunction with Rule 8 of the Federal Rules of Civil Procedure, which establishes the general rules of pleading. Subsections (a) and (e) of Rule 8 require a short and plain statement of the claim and that each averment be simple, concise, and direct. When the sufficiency of a complaint under Rule 9(b) is challenged, "it is the duty of the Court to balance" the requirements of each of the rules. *Picture Lake Campground v. Holiday Inns, Inc.*, 497 F.Supp. 858, 866 (E.D.Va.1980). If, for instance, plaintiffs do not have access to information, "some relaxation of Rule 9(b) is necessary when plaintiffs are not likely to have more specific information until after discovery." *Pridgen v. Farmer*, 567 F.Supp. 1457, 1460 (E.D.N.C.1983). It seems fair that in a case such as this in which the facts apparently are not hidden in a maze of convoluted transactions, the plaintiff should plead

in the complaint who allegedly has done what, when, where, and why.

The plaintiff, in its response to defendant's original motion to dismiss, cites three cases to support its contention that it has provided sufficient specificity in its pleading. The cases are not persuasive here. In all of them, the allegations are more specific than in the case at bar. In *In Re. National Student Marketing Litigation*, 413 F.Supp. 1156 (D.D.C.1976), the Court held that a lack of detail as to individual defendants was not fatal to the complaint because the pleading did set forth "in great detail the specific documents in which misstatements are made, by whom they were made, and the circumstances surrounding disclosure of the misrepresentations." *Id.* at 1158. In *Collins v. Rukin*, 342 F.Supp. 1282 (D.Mass.1972), the complaint that was held sufficiently specific was one in which the plaintiff alleged specific misrepresentations and named which individuals allegedly made those misrepresentations. In the third case, *Walling v. Beverly Enterprises*, 476 F.2d 393 (9th Cir.1973), the pleading was held sufficient despite the fact that "no acts, words, or other conduct are alleged showing its (defendant's) state of mind at the time of the execution of the agreement." *Id.* at 397. As the Court noted, Rule 9(b) provides that intent and other condition of mind may be stated generally. It also observed that plaintiffs had stated the time, place, and nature of the allegedly fraudulent acts. *Id.*

■ Searching beyond these cases, I still find no support for allowing this plaintiff to plead such general allegations as are found in amended Count III. The complaint instead should be specific enough to allege who made the secret plan and approximately when it was conceived. It should also identify some or all of the employees or agents of defendants who allegedly carried out such a plan and, likewise in regard to plaintiff, should state who allegedly received and relied on this information. The complaint should state as well when and why the defendants knew they were unable to pay plaintiff. Since

plaintiff could not provide this basic information in its pleading, I conclude that it does not have sufficient grounds for alleging that fraudulent acts were committed.

■ Finally, I must consider whether plaintiff should be allowed a third opportunity to amend its complaint to try to overcome the lack of particularity required. Rule 15(a) of the Federal Rules of Civil Procedure places this determination within the discretion of the Court. I find that, based on the similarity of the first complaint and the amended pleading and the fact that plaintiff chose not to respond to defendant's second motion to dismiss, plaintiff would not alter its pleading sufficiently to cure the defects. If it could have done so and chose not to, it will have to abide with the result of its decision. To allow an amendment would cause undue delay and would not be in the interest of furthering the purposes of Rule 9(b). Therefore the motion to dismiss is GRANTED without leave to amend the complaint further.

And it is so ORDERED.