**UNITED STATES of America, Plaintiff,**

**v.**

**JT CONSTRUCTION CO., INC., Jaime Torres, Defendants.**

**No. EP–86–CA–163.**

United States District Court,
W.D. Texas,
El Paso Division.

Feb. 5, 1987.

David Sadoff, Civ. Div., U.S. Dept. of Justice, Washington, D.C., for plaintiff.

W. Royal Furgeson, Jr., Philip Martinez, Kemp, Smith, Duncan & Hammond, El Paso, Tex., for defendants.

## ORDER DENYING DEFENDANTS' MOTIONS TO DISMISS AND FOR SUMMARY JUDGMENT

HUDSPETH, District Judge.

This is an action under the False Claims Act, 31 U.S.C. §§ 3729 *et seq*, with additional common law claims of payment under mistake of fact and unjust enrichment. The Defendants have moved for summary judgment with respect to the first and second claims and have moved to dismiss the third and fourth claims. The Court finds that all motions must be denied.

JT Construction Company, an El Paso company with Jaime Torres as its president, was awarded a government contract to construct certain facilities at Fort Bliss,

Texas. The contract was not awarded on a sealed bid basis. On the contrary, JT Construction Company was specifically chosen as the contractor and the contract was negotiated between Jaime Torres as president of JT Construction and personnel from the Corp of Engineers. Defendants' contract proposal, which was the starting point for negotiations, included bids from subcontractors for various phases of the work. The contract was awarded to JT Construction Company and construction began on the project. While the work was in progress, the Army began to suspect that some of the subcontractor price quotes had been inflated so that the total amount of the general contract awarded to JT Construction would be higher. An investigation began which led not only to this civil action but also to a criminal indictment against Torres. The criminal case was tried in October, 1986, and the jury found Torres "not guilty." The Defendants' motion for summary judgment with respect to the claims asserted under the False Claims Act is based in part upon the outcome of the criminal case. They move for summary judgment in their favor because they contend that a jury could not reasonably find by a preponderance of the evidence that the Defendants had a guilty intent as required for recovery under the False Claims Act.

■ In order to prevail on its cause of action under the False Claims Act, the Government has the burden of proving (1) that the subcontractor proposals were "cost or pricing data" within the meaning of the Truth in Negotiations Act; (2) that Torres failed to disclose these data as required by the Act; and (3) that Torres acted willfully and with guilty intent. *See United States v. Aerodes*, 469 F.2d 1003, 1007 (5th Cir.1972). It is the Defendants' contention that based upon the verdict in the criminal case and based upon the fruits of discovery in the civil action, the Plaintiff will be unable to sustain this burden as a matter of law. This argument is not persuasive. In the criminal case against Torres, the Government had the burden of proving its case beyond a reasonable doubt, not by a preponderance of the evidence.

Nevertheless, at the time the Government rested its case-in-chief and again at the close of all the evidence, this Court denied Torres' motions for a judgment of acquittal. This represented a finding by the Court that the Government had presented sufficient evidence of Torres' guilty intent to allow the case to go to the jury. In the present civil action under the False Claims Act, the Government has the burden of proving its case only by a preponderance of the evidence, and there are certainly genuine issues of material fact which preclude summary judgment. The Defendants' motion for summary judgment with respect to the claims under the False Claims Act must, therefore, be denied.

The Defendants move to dismiss the common law claims asserted in this case, contending that the Contract Disputes Act, 41 U.S.C. §§ 601 *et seq*, requires that such claims be submitted to the administrative agency for determination under the terms of the Act. The Plaintiff opposes the motion to dismiss, and contends that the claims presented do not fall within the purview of the Contract Disputes Act.

■ It is well settled that the Government has the authority in certain situations to recover funds which have been wrongfully, erroneously, or illegally paid out by its agents. *United States v. Wurts*, 303 U.S. 414, 58 S.Ct. 637, 82 L.Ed. 932 (1938). This authority may, of course, be restricted by Congress. However, Congress' intention to restrict the Government's authority to recover funds under these circumstances must be clearly manifested. *United States v. Wurts, supra* at 416, 58 S.Ct. at 638; *United States v. Nashville, Chatanooga & St. Louis Railway Co.*, 118 U.S. 120, 125, 6 S.Ct. 1006, 1008, 30 L.Ed. 81 (1886). The issue presented in this case is whether Congress through its passage of the Contract Disputes Act has "clearly manifested" an intention to raise a statutory barrier to recovery by the Government.

■ Section 6 of the Contract Disputes Act provides that "all claims by the Government against a contractor relating to a contract shall be the subject of a

decision by the contracting officer". 41 U.S.C. § 605(a). The Act goes on to provide, however, that "this section shall not authorize any agency head to settle, compromise, pay, or otherwise adjust any claim involving fraud." The legislative history of the Act verifies the congressional intent that all matters involving fraud were to be excepted from its application. In discussing Section 6 of the Contract Disputes Act, 41 U.S.C. § 605, the Senate Report noted:

> It is not the intent of this section to change the current procedures being used for 'compromising' claims as identified under 31 U.S.C. § 952, or to authorize any agency head to settle, compromise, pay, or otherwise adjust any claim involving fraud including fraudulent misrepresentation of fact. The current laws pertaining to fraudulent claims are not affected by the act.

S.REP. NO. 95–1118, 1978 U.S. CODE CONG. & AD. NEWS at pp. 5235, 5253.

Of course, claims of payment under mistake of fact and unjust enrichment could arise from a fact situation not involving fraud. In such a hypothetical case, a close question might be presented as to whether such claims were preempted by the Contract Disputes Act. That is not, however, the fact situation here. It is clear from the entire context that the Government is claiming fraud on the part of Torres and JT Construction Company. The same basic set of facts was involved in the criminal indictment and in all claims presented in this civil action. It would be unrealistic to say that some claims in the present action "involve fraud" and others do not. Since the Court finds that the claims presented in counts III and IV of the present complaint come within exceptions to the Contract Disputes Act, the Defendants' motion to dismiss these claims should be denied.

It is therefore ORDERED that the Defendants' motion for summary judgment with respect to counts I and II of the complaint in the above-styled and numbered cause be, and it is hereby, DENIED.

It is further ORDERED that the Defendants' motion to dismiss counts III and IV of the complaint in the above cause be, and it is hereby, DENIED.