**Eddie A. CURTIS, Plaintiff,**

v.

**The UNITED STATES, Defendant.**

**No. 95–41C.**

United States Court of Federal Claims.

July 6, 1995.

---

Eddie A. Curtis, Cincinnati, OH, pro se.

Sean P. Murphy, with whom were Asst. Atty. Gen. Frank W. Hunger, David M. Cohen, Director, and James M. Kinsella, Asst. Director, Dept. of Justice, Washington, DC, for defendant.

## OPINION

ROBINSON, Judge:

This matter is before the court on defendant's motion for summary judgment. Oral argument was held on June 29, 1995, and the matter is now ready for disposition.

Plaintiff Eddie A. Curtis is a major in the United States Air Force Reserves, assigned to Rickenbacker Air National Guard Base in Ohio. In this capacity, Mr. Curtis serves as a flight navigator. In January 1991, his unit was activated for service in connection with Operation Desert Storm.

According to an affidavit submitted by Lt. Col. Jerry Trott, who was Mr. Curtis's commanding officer during Desert Storm, Mr. Curtis initially asked to be left at home when his unit was mobilized. Mr. Curtis claimed at the time that he suffered from hypertension and did not consider himself fit for overseas duty. After confirming that Mr. Curtis's condition could be safely treated with medication, Col. Trott ordered Mr. Curtis to accompany this rest of his unit to Saudi Arabia. To accommodate his medical condition, however, Mr. Curtis was not required to fly as many missions as the other airmen in his unit.

In Saudi Arabia, according to Col. Trott, Mr. Curtis displayed a bad attitude about his

work, and Col. Trott received numerous complaints about Mr. Curtis's showing up late for work and otherwise performing poorly. Mr. Curtis was also involved in a specific alleged act of misconduct: He was scheduled to be a passenger on an aircraft which was delivering supplies to another location. He missed the return flight. Missing an aircraft movement is a criminal offense under the Uniform Code of Military Justice, but Col. Trott opted not to bring charges against him.

In May 1991—after the hostilities had ended but before most of troops were sent home—Mr. Curtis was allowed seven days of emergency leave to attend his uncle's funeral in the United States. Once home, Mr. Curtis requested an extension of his leave, but Col. Trott denied the request. Mr. Curtis was ordered to return to his unit in Saudi Arabia by May 23, 1991. For reasons which are not entirely clear, Mr. Curtis was still in the United States on May 28, 1991, when a doctor at Rickenbacker declared his status to be "DNIF," or "duties not to include flying." According to defendant, this status did not preclude Mr. Curtis from performing nonflying duties to assist his unit. Mr. Curtis never returned to Saudi Arabia, though the rest of his unit remained there until July 1991.

■ Mr. Curtis submitted travel vouchers for per diem expenses related to his leave. He received payment for them, but the Air Force later discovered that he had been overpaid because his emergency leave orders did not authorize him to receive per diem while he was under medical care at Rickenbacker. Accordingly, the Air Force withheld approximately $2,500 from his pay, pursuant to applicable Air Force regulations. This sum constitutes Mr. Curtis first claim before this court.

■ When Mr. Curtis was deactivated, along with the rest of his unit, in July 1991, he was entitled to separation pay. A component of the pay he was to receive at that time would have included leave which Mr. Curtis had accrued but not used. In requesting separation pay, Mr. Curtis claimed, incorrectly, he had reported back from his emergency leave on May 21, 1991, and the Air Force initially paid him on that basis. The Air Force later determined that Mr. Curtis should have been considered to have been on leave up through May 28, 1991, the date that he received his DNIF status. To get back the overpayment, the Air Force withheld a total of $1,184.75 from subsequent payments due Mr. Curtis. That sum constitutes plaintiff's second claim before this court.

■ Mr. Curtis's third claim is for wages allegedly not paid to him for training performed on October 3 and 4, 1992. Defendant has submitted contemporaneous Air Force records showing that Mr. Curtis did not appear for work on those two days, that he was offered an opportunity to make up the duties at a later date, and that he failed to do so.

As his final claim, Mr. Curtis asks the court to order that he be awarded two medals which he believes were withheld from him unlawfully. Other members of his unit allegedly received an Air Medal and an Aerial Achievement Medal, but Mr. Curtis did not receive those decorations because, among other reasons, his medical condition did not allow him to fly the requisite number of sorties to qualify for them.

With respect to each of his three claims, Mr. Curtis alleges that his personnel records were either falsified or altered by unknown superior officers, but plaintiff has not presented any evidence to support his allegations, nor did he articulate a credible basis for his suspicions when pressed on the issue at oral argument. He has filed a parallel action with the Air Force Board for Correction of Military Records, however, and that matter is still pending.

In moving for summary judgment, defendant argues that Mr. Curtis is not entitled under any statute or regulation to any of the payments or awards that he seeks. With respect to the per diem payments, Mr. Curtis was never issued travel orders which authorized him to be paid for travel, meals or lodging related to the treatment of his medical condition. With respect to his separation pay, defendant argues that Mr. Curtis was on leave from May 16 to May 28, 1991—not, as he claims, from May 16 to May 21. As for Mr. Curtis's claim for wages for October 3 and 4, 1992, defendant points out that, as a

reserve officer, Mr. Curtis is not statutorily entitled to pay for work not performed. *See* 37 U.S.C. § 206(a) (1988) (service member entitled to compensation only for instruction or duty at which he is engaged for at least two hours). Finally, with regard to the medals which Mr. Curtis seeks, defendant argues that the awarding of military decorations is a discretionary act vested only with the executive branch, and the denial of such an award is a nonjusticiable matter.

Summary judgment is appropriate when there are not genuine issues of material fact in dispute and the moving party is entitled to judgment as a matter of law. RCFC 56(c). Only disputes over material facts—*i.e.,* facts that affect the outcome of the suit—preclude granting a motion for summary judgment.

■ After reviewing the documents filed by both parties and hearing oral argument, the court concludes that defendant is correct with respect to each of Mr. Curtis's monetary claims. Although Mr. Curtis alleges that his personnel records have been altered or falsified, he has presented no credible evidence or argument to support his claims. Military officers and administrators enjoy a strong presumption that they discharge their duties correctly, lawfully and in good faith. *Sanders v. United States,* 219 Ct.Cl. 285, 302, 594 F.2d 804, 813 (1979). Mr. Curtis's mere allegations that his records have been altered are certainly insufficient to overcome that presumption.

■ With regard to Mr. Curtis's request that the court order the Air Force to award him two medals which were received by other airmen who served in Desert Storm, the court must advise plaintiff that its powers are derived from the Tucker Act, 28 U.S.C. § 1491. The Tucker Act provides jurisdiction for non-tort monetary claims against the United States, founded either upon the Constitution, a statute, a regulation, or an express or implied contract right. *Id.* Generally speaking, therefore, this court is empowered to order the payment of money damages for an abridgement of a legal right. *Dehne v. United States,* 970 F.2d 890, 893 (Fed.Cir.1992). A claim for a military decoration, however, is not a claim for money damages, and, accordingly, does not meet the standards of the Tucker Act. Furthermore, defendant also appears to be correct that a decision by the President or his deputies to award a particular medal is a discretionary act which is not reviewable by this court. *See Wilson v. United States,* 24 Cl.Ct. 842, 846 (1992), and the cases cited therein.

For the reasons stated above, therefore, the court holds that Mr. Curtis's claims are without merit. The Clerk shall enter judgment for defendant. No costs.

IT IS SO ORDERED.