86 F.3d 1175
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Eddie A. CURTIS, Plaintiff-Appellant,
v.
The UNITED STATES, Defendant-Appellee.
 No. 95-5155.
 United States Court of Appeals, Federal Circuit.
 May 7, 1996.
 
 Before MICHEL, CLEVENGER and SCHALL, Circuit Judges.
 PER CURIAM.
 
 Decision
 
 1
 Eddie A. Curtis appeals from the July 6, 1995 decision of the United States Court of Federal Claims granting the government's motion for summary judgment. Curtis v. United States, 33 Fed. Cl. 586 (1995). The appeal was submitted for decision on the briefs on May 2, 1996. Because we discern no error in the court's conclusion that Curtis failed to proffer any credible evidence to support his monetary claims, we affirm.
 
 Discussion
 
 2
 Curtis asserted four claims in the trial court: three to recover money on various grounds, and a fourth requesting that the Air Force Reserves be directed to award Curtis two medals. Documentary evidence demonstrated that, under the applicable statutes and regulations, Curtis' monetary claims were without merit. According to the trial court, Curtis sought to overcome the clear import of this documentary evidence with allegations of government wrongdoing:
 
 
 3
 Mr. Curtis alleges that his personnel records were either falsified or altered by unknown superior officers, but plaintiff has not presented any evidence to support his allegations, nor did he articulate a credible basis for his suspicions when pressed on the issue at oral argument.
 
 
 4
 Id. at 588. The court concluded, however, that Curtis' nonspecific and unsupported allegations of falsification were "insufficient to overcome" the "strong presumption" that military officers and administrators "discharge their duties correctly, lawfully and in good faith." Id. at 589 (citing Sanders v. United States, 594 F.2d 804, 813 (Ct.Cl.1979)). In addition, the court concluded that it lacked jurisdiction to consider Curtis' claim for military medals, reasoning that, because the claim was not one for money damages, it was not cognizable under the Tucker Act, 28 U.S.C. § 1491 (1994).*
 
 
 5
 Curtis appeals, contending that the trial court ought to have allowed him discovery under Rules 26 and 27 of the Court of Federal Claims, presumably in order to develop support for his allegation that the Air Force falsified his personnel records. Importantly, he does not contend that the trial court erred in concluding that, given the documents of record, the government was entitled to judgment in its favor.
 
 
 6
 It does not appear from the record in this case that Curtis raised the issue of discovery with the trial court, as a result of which we have no denial of a discovery request to review. This posture alone warrants affirmance of the trial court's decision. Cheyenne River Sioux Tribe v. United States, 806 F.2d 1046, 1053 (Fed.Cir.1986) ("The issues the Oglala Tribe would have us decide were not raised before, or decided by, the Claims Court. We do not decide them."), cert. denied, 482 U.S. 913 (1987). In any event, the trial court would not have abused its discretion had it denied Curtis the opportunity to conduct discovery: even in a regime of notice pleading, fraudulent conduct of the sort Curtis alleges must be described with particularity. R. Ct. Fed. Cl. 9(b) ("In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity."); BMY Combat Sys. v. United States, 26 Cl.Ct. 846, 850 (1992) ("The counterclaims here allege that plaintiff used false records and statements to present fraudulent claims for payment on the howitzers, but they do not identify the specific actors, records, or statements contributing to the fraud. Though defendant has identified in general terms the 'how, when, and ... manner' of the fraud, it must reasonably plead the particularities of the charge to comply with the requirements of RUSCC 9(b)."). When pressed at oral argument before the trial court, Curtis could offer nothing at all to particularize his bare assertion that the relevant records had been falsified. Under these circumstances, discovery would be a futile exercise that the trial court had the discretion to pretermit, and should have, had Curtis requested it. R. Ct. Fed. Cl. 26(c)(1). We thus discern no reversible error in the trial court's decision.
 
 
 
 *
 Curtis does not appeal from the trial court's conclusion that it lacked jurisdiction to consider his claim of entitlement to two military medals