# In the United States Court of Federal Claims

No. 22-100

Filed: November 24, 2025

| | |
|---|---|
| JOHN B. CLARK, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Defendant. | ) |
| | ) |

*William E. Cassara*, Evans, Georgia, for plaintiff.

*Jana Moses*, United States Department of Justice, Civil Division, Washington, D.C., for defendant.

## OPINION AND ORDER

*SMITH*, **Senior Judge**

Before the Court is defendant's motion to dismiss, ECF No. 50, and plaintiff's motion to supplement the administrative record, ECF No. 55. For the following reasons, the Court **GRANTS** defendant's motion to dismiss and **DISMISSES** plaintiff's complaint under Rule 12(b)(1) and Rule 12(b)(6) of the Rules of the United States Court of Federal Claims ("RCFC"). The Court also **DENIES** plaintiff's motion, ECF No. 55, seeking to supplement the existing record before the Court.

## BACKGROUND

On February 1, 2022, John B. Clark, Jr. filed his complaint in this Court, alleging a number of adverse actions taken by the United States Air Force that resulted in a "wrongful failure to promote" and the failure "to pay [him] the pay and allowances that he is entitled to receive, under 37 U.S.C. § 204 . . . ." Compl. ¶¶ 37–40, ECF No. 1 [hereinafter "Compl."]. Mr. Clark seeks, *inter alia*, (i) correction of his Officer Selection Record; (ii) "[p]roper processing of the First Oakleaf Cluster to [his] Meritorious Service Medal;" (iii) "[a]ppointment of a Special Selection Board to consider [his] promotion to Colonel;" and (iv) "[p]ayment of all paid IDT points awarded by the AFBCMR after the adjusted date of rank at the pay grade of O-6 as well as the payment of retirement pay at the grade of O-6." *Id.* at 16.

In September 2022, the Court granted defendant's unopposed motion seeking to remand this case to the Air Force Board for Corrections of Military Records ("AFBCMR") to address "whether a new special selection board (SSB) for calendar year (CY) 2012 is warranted" and to

1

"afford Mr. Clark the opportunity to submit [] any evidence or arguments in support of his claims to the board." Sept. 14, 2022 Order at 1, ECF No. 17. In March 2023, the AFBCMR held that Mr. Clark failed to demonstrate material error or injustice that would warrant correction of his military record. Administrative Record ("AR") at 18, ECF No. 42.[1] The AFBCMR also concluded that the evidence did not demonstrate material error or injustice and that no evidence was presented that Mr. Clark's rating chain of command had recommended or approved the award of the First Oakleaf Cluster to his Meritorious Service Medal. *Id*. at 16.

In July 2023, defendant filed a second unopposed motion requesting that the Court remand the case to the AFBCMR for the board to provide "additional explanations for [its] findings" in order to "produce a more expeditious conclusion of Mr. Clark's claims, either by the AFBCMR or the Court." Def.'s Mot. at 3, ECF No. 31. On the second remand, the AFBCMR again considered whether Mr. Clark was entitled to (i) a new "meets standard" officer performance report; (ii) the award of an Oakleaf Cluster to Mr. Clark's Meritorious Service Medal; (iii) a new Air Force Form 77; or (iv) a new Special Selection Board ("SSB") for calendar year 2012. *Id*. at 8–9; *see also* AR at 2, 369–70.

After careful review, the AFBCMR recommended that Mr. Clark's military record be corrected to reflect his entitlement to the officer performance report, AF Forms 77, and a new SSB for CY 2012. AR at 6–8. The only relief that the AFBCMR declined to award was Mr. Clark's request for the award of the Oakleaf Cluster to his Meritorious Service Medal. *Id*. at 6. In denying the service medal, the AFBCMR found that the evidence did not demonstrate material error in injustice and that no evidence was presented that that Mr. Clark's rating chain of command had recommended or approved such an award. *Id*. The Air Force Review Boards Agency subsequently adopted the AFBCMR's recommendation. *Id*. at 7.

In February 2024, the parties requested that the Court lift the stay previously entered and adopt a briefing schedule for dispositive motions given Mr. Clark's continued belief that the AFBCMR's decision did not afford "a satisfactory basis for the disposition of this case." Mot. for a Sched. Order at 2, ECF No. 40. After another brief stay was granted to allow for settlement discussions, defendant filed a motion seeking to dismiss Mr. Clark's complaint under RCFC 12(b)(1) and 12(b)(6). *See generally* Mot. to Dismiss, ECF No. 50. In its motion, defendant argues that the Court lacks subject matter jurisdiction over Mr. Clark's remaining claim seeking award of the First Oakleaf Cluster to his Meritorious Service Medal because "[a] claim for a military award . . . is not a claim for money damages and, therefore, does not meet the jurisdictional requirements of the Tucker Act." *Id*. at 1. Defendant also argues that Mr. Clark's remaining claim is not a justiciable claim reviewable by this Court. *Id*.

On March 17, 2025, Mr. Clark filed a response to defendant's motion to dismiss and a motion to supplement the administrative record to include new documents generated in connection with the AFBCMR proceedings following the stay and remand ordered by the Court in March 2023. *See generally* Pl.'s Resp. to Mot. to Dismiss, ECF No. 55. On April 14, 2025, defendant filed a reply in support of its motion to dismiss and in opposition to Mr. Clark's request to supplement the administrative record.

---

[1] All references to the Administrative Record will be to the document found at ECF No. 42. No references will cite to the previously submitted Administrative Records at ECF No. 9 or ECF No. 25.

**LEGAL STANDARD**

When confronted with a motion to dismiss for lack of subject matter jurisdiction under RCFC 12(b)(1), this Court must presume all undisputed factual allegations are true and construe all reasonable inferences in favor of the plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other ground by Harlow v. Fitzgerald*, 457 U.S. 800 (1982); *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 747 (Fed. Cir. 1988). However, the plaintiff bears the burden of establishing subject matter jurisdiction and must do so by a preponderance of the evidence. *See Alder Terrace, Inc. v. United States*, 161 F.3d 1372, 1377 (Fed. Cir. 1998) (citing *McNutt v. Gen. Motors Acceptance Corp. of Ind.*, 298 U.S. 178, 189 (1936)); *Reynolds*, 846 F.2d at 748 (citations omitted). If the Court finds that it lacks jurisdiction, then it must dismiss the action. RCFC 12(h)(3).

It is important not to confuse jurisdiction with justiciability, particularly in military pay cases. *See*, *e.g.*, *Murphy v. United States*, 993 F.2d 871, 872 (Fed. Cir. 1993) (noting that "[j]usticiability is distinct from jurisdiction" and commenting that "[j]usticiability is a particularly apt inquiry when one seeks review of military activities") (citation omitted). Even if a military pay controversy is within this Court's jurisdiction, it may not be justiciable if the Court is unable to award relief without intruding into the military's unique sphere of responsibility. *Id.* (citing *Orloff v. Willoughby*, 345 U.S. 83, 93-94 (1953)). This Court has previously recognized that an inquiry into justiciability more appropriately falls under RCFC 12(b)(6) rather than RCFC 12(b)(1). *See*, *e.g.*, *Cameron v. United States*, 106 Fed. Cl. 551, 559 (2012) ("Where a claim is nonjusticiable, the appropriate action is for a court to dismiss the claim for failure to state a claim upon which relief can be granted." (citing *Murphy*, 993 F.2d at 872)), *rev'd on other grounds*, 550 F. App'x 867 (Fed. Cir. 2013); *Gallucci v. United States*, 41 Fed. Cl. 631, 645 (1998) (dismissing a nonjusticiable military claim for failure to state a claim).

When considering a motion to dismiss under RCFC 12(b)(6), "the allegations of the complaint should be construed favorably to the pleader." *Scheuer*, 416 U.S. at 236. The Court must inquire, however, whether the complaint meets the "plausibility" standard described by the United States Supreme Court, *i.e.*, whether the complaint's allegations adequately state a claim and provides a "showing [of] any set of facts consistent with the allegations in the complaint." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 560, 563 (2007) (citations omitted). Plausibility is a context-specific inquiry. *See*, *e.g.*, *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (*Iqbal*) ("Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.") (citation omitted). It is well-settled that a complaint should be dismissed under RCFC 12(b)(6) "when the facts asserted by the claimant do not entitle him to a legal remedy." *Lindsay*, 295 F.3d at 1257.

**DISCUSSION**

I.   **The Court Lacks Subject-Matter Jurisdiction Over Mr. Clark's Claim Seeking an Award of the First Oak Leaf Cluster Award to his Meritorious Service Medal.**

The Tucker Act confers jurisdiction upon this Court to hear certain claims for monetary relief against the United States founded upon the Constitution, statutes, regulations, or contracts.

3

28 U.S.C. § 1491(a)(1).  However, "[t]he Tucker Act itself does not create a substantive cause of action," meaning that "a plaintiff must identify a separate source of substantive law that creates the right to money damages." *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005).  The Military Pay Act, 37 U.S.C. § 204, "serves as the money-mandating statute applicable to military personnel claiming damages and ancillary relief for wrongful discharge." *Holley v. United States*, 124 F.3d 1462, 1465 (Fed. Cir. 1997).

Besides the award of the First Oakleaf Cluster, the AFBCMR granted the relief sought by Mr. Clark in its entirety.   Unsatisfied with that relief, Mr. Clark continues to pursue that military award by judicial order.  In defendant's view, Mr. Clark's "remaining claim of entitlement to [the Meritorious Service Medal with First Oakleaf Cluster] should be dismissed for lack of subject matter jurisdiction" because "a claim for a military award or decoration is 'not a claim for money damages, and, accordingly, does not meet the standards of the Tucker Act.'"  Mot. to Dismiss at 3 (quoting *Curtis v. United States*, 33 Fed. Cl. 586, 589 (1995)).

Mr. Clark responds that the Court's jurisdiction persists because his remaining claim challenges the "insufficient" relief afforded by the AFBCMR, "including the new denial of the [First Oakleaf Cluster to the Meritorious Service Medal]."  ECF No. 55 at 6–7.  Mr. Clark vaguely asserts that the denial of the award reflects the incomplete relief afforded by the Air Force which denied him "a meaningful chance for selection to Colonel" and is actionable under the Military Pay Act, 37 U.S.C. § 204.  *Id*. at 6–7.  According to Mr. Clark, the relief awarded by the AFBCMR will be "illusory" absent an order awarding this military decoration.  *Id*. at 7.  However, Mr. Clark does not identify any statute, regulation, or constitutional rule that the AFBCMR or SSB failed to follow or any procedural error in the award granting process.

In *Curtis v. United States*, this Court held that "[a] claim for a military decoration [] is not a claim for money damages, and, accordingly, does not meet the standards of the Tucker Act."  33 Fed. Cl. 586, 589 (1995), *aff'd*, 86 F.3d 1175 (Fed. Cir. 1996).  Although Mr. Clark attempts to lay a jurisdictional predicate in this Court by shrouding his remaining claim in process-oriented terms, the Court finds that Mr. Clark's real complaint is the denial of the First Oakleaf Cluster to the Meritorious Service Medal.  Unfortunately, such a claim "does not constitute a claim for money damages upon which this Court may render judgment under the Tucker Act."  *Muller v. United States*, 176 Fed. Cl. 492, 497 (2025) (citing *Curtis*, 33 Fed. Cl. at 589).

The relief that Mr. Clark seeks from this Court further bolsters the Court's conclusion that it lacks jurisdiction.  Mr. Clark urges this Court to order the AFBCMR to award the "1OLC to his MSM" because, absent such an order, the existing relief awarded by the AFBCMR is "illusory."  ECF No. 55 at 7.  As noted above, this Court's "statutory authority to adjudicate" does not extend to awarding military awards or decorations.  *Muller*, 176 Fed. Cl. at 497.  The Court must accordingly dismiss Mr. Clark's complaint for lack of subject matter jurisdiction under RCFC 12(b)(1).

## II.     Mr. Clark Has Not Alleged that the Air Force Violated a Statute, Military Regulation, or the Constitution during the Promotion Process.

Mr. Clark's remaining claim must also be dismissed by this Court as non-reviewable on justiciability grounds.  *Murphy v. United States*, 993 F.2d 871, 872 (Fed. Cir. 1993) ("Justiciability

4

is distinct from jurisdiction" and noting that "[j]usticiability is a particularly apt inquiry when one seeks review of military activities") (citation omitted). As this Court has previously recognized, the decision "to award a particular medal is a discretionary act" reserved to the president of the United States or his deputies that is "not reviewable by this court." *Curtis*, 33 Fed. Cl. at 589.

In *Wilson*, the Court recognized that it retained jurisdiction over whether the Air Force failed to follow a relevant statute, regulation, or constitutional rule during a servicemember's promotion process, including the denial of a military award. *United States*, 24 Cl. Ct. 842, 845 (1992) (Smith, C.J.). The *Wilson* Court, however, dismissed the servicemember's claim that sought military back pay and other entitlements allegedly owed to him on justiciability grounds because the servicemember failed to even allege "that the Air Force violated a statute, military regulation, or the Constitution in the course of the promotion process." *Id*. at 845. So too here. Beyond the conclusory allegation that Air Force's denial of the First Oakleaf Cluster to the Meritorious Service Medal led to the "improper denial of promotion to Colonel," Mr. Clark failed to identify any substantive violation of a statute, military regulation, or constitutional rule during the promotion process. Compl. ¶ 40; *see also* ECF No. 55 at 8. The inability to identify such a violation is fatal to Mr. Clark's claim.

The bare allegation that the AFBCMR acted arbitrarily and capriciously in denying Mr. Clark the First Oakleaf Cluster "based upon flawed reasoning" does not come close to meeting the "considerable burden on a plaintiff attempting to overcome the decision of a military corrections board." *Wilson*, 24 Cl. Ct. at 846. In any event, the record does not support Mr. Clark's arbitrary-and-capricious claim. In denying the military award, the AFBCMR concluded that the evidence did not demonstrate material error or injustice because the record did not reflect that Mr. Clark had presented evidence that he had been recommended for the award by his rating chain of command, approved for the award by the approval authority, or that Mr. Clark had ever pursued the award in accordance with 10 U.S.C. § 1130 (seeking a recommendation from a member of Congress) or Air Force Manual 36–2806 (mandatory procedures for processing military awards and decorations). Mr. Clark does not challenge the factual accuracy of those findings. In sum, the record before the Court cannot support Mr. Clark's contention that the Air Force acted arbitrarily and capriciously in denying the award of the First Oakleaf Cluster. The Court thus dismisses Mr. Clark's claim as non-justiciable under RCFC 12(b)(6).

### III.   Mr. Clark's Request to Supplement the Administrative Record is Denied.

The Court also denies Mr. Clark's motion seeking to supplement the administrative record. *See* ECF No. 55 at 1–3. The Court finds that these additional record documents would not be useful in light of the Court's jurisdictional findings, and Mr. Clark otherwise fails to explain how these documents would advance his defective claim.

### CONCLUSION

For the foregoing reasons, the Court **GRANTS** defendant's motion to dismiss, ECF No. 50, and **DISMISSES** the complaint, ECF No. 1, without prejudice for lack of subject-matter jurisdiction under RCFC 12(b)(1) and failure to state a claim upon which relief can be granted under RCFC 12(b)(6). The Court further **DENIES** Mr. Clark's motion to supplement the administrative record, ECF No. 55. The clerk is directed to enter judgment accordingly.

**IT IS SO ORDERED.**

s/ *Loren A. Smith*

Loren A. Smith,
Senior Judge